# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAIME LOREE ARMIJO, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.                                             Case No.: 1:17-cv-00440-LF-KK

FEDEX GROUND PACKAGE SYSTEM, INC.,
a foreign company,

      Defendant.

**FEDEX GROUND PACKAGE SYSTEM, INC.'S BRIEF IN SUPPORT OF
MOTION TO DISMISS IN PART**

Plaintiff Jaime Loree Armijo ("Plaintiff" or "Plaintiff Armijo") purports to bring three claims on behalf of putative classes of independent contractors who executed the FedEx Ground Package System, Inc. Pick-Up and Delivery Contractor Operating Agreement ("Operating Agreement") with FedEx Ground Package System, Inc. ("FXG"). Pursuant to Rules 12(b)(6) and 12(f), the Court should dismiss for failure to state a claim Counts II and III of Plaintiff Armijo's complaint and strike her request for liquidated damages under Count I.

First, Plaintiff Armijo's claim under a purported "unauthorized deductions statute" (Count II) fails because the statute on which she relies has no applicability to the deductions at issue in this case. Rather, the statute she cites applies only to an assignment of an employee's wages to a third party and is irrelevant to the circumstances Plaintiff alleges.

Second, Plaintiff Armijo's equitable unjust enrichment claim (Count III) fails as her claims are grounded entirely in the terms of an Operating Agreement. Her claim, therefore, cannot be sustained under New Mexico law.

Finally, even if Plaintiff Armijo were to succeed on her claim for unpaid overtime wages in Count I,[1] she is not entitled to recover liquidated damages under the New Mexico Minimum Wage Act.

**CERTIFICATION OF COMPLIANCE WITH D. N.M. L. CIV. R. 7.1(A)**

Undersigned counsel conferred with Plaintiff's counsel on June 13, 2017, and represents that Plaintiff objects to the relief sought.

---

[1] With the exception of liquidated damages, FXG does not at this time seek to dismiss Count I of Plaintiff's complaint. By not moving to dismiss Count I, FXG does not concede that Plaintiff can properly assert her claim under Count I or that the claim has any merit.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff Armijo purports to sue FXG individually and on behalf of all package pick-up and delivery drivers who operated as independent contractors pursuant to the Operating Agreement in New Mexico. (Class Action Complaint and Jury Demand ("Compl.") (ECF No. 1, ¶ 44).) Plaintiff Armijo claims FXG improperly classified these pick-up and delivery drivers as independent contractors when in fact they were legally employees. (*Id.* ¶ 17.)

Plaintiff alleges that contrary to the terms of the Operating Agreement she executed in July of 2013, she was not an independent contractor and that FXG controlled the terms and conditions of her putative employment. (*Id.* ¶¶ 10, 19.) As a result, Plaintiff contends she, and other pick-up and delivery drivers who operated under the same contract, were misclassified as independent contractors when they were in fact employees of FXG. (*Id.*) Based on the alleged improper classification, Plaintiff asserts claims for unpaid overtime (Count I), unauthorized deductions (Count II), and unjust enrichment (Count III) under New Mexico law. (*Id.* ¶¶ 53-74.) Plaintiff proposes to represent a statewide class of similarly situated pick-up and delivery drivers. ( *Id.* ¶¶ 44-52.) Plaintiff seeks a declaratory judgment, money damages (including liquidated damages), and attorneys' fees and costs. (*Id.* at 19.)

## ARGUMENT

The Court should dismiss Counts II and III of Plaintiff's complaint and strike her request for liquidated damages under Rule 12(b)(6) for failure to state a claim on which relief can be granted. To survive under a Rule 12(b)(6) dismissal motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's allegations must provide the grounds for a plaintiff's entitlement to relief, which "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Moreover, "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Iqbal*, 556 U.S. at 678 (recognizing that a complaint would not "suffice if it tenders naked assertions devoid of further factual enhancement") (internal quotation marks omitted). When analyzing the complaint on a motion to dismiss, the court should disregard all conclusory allegations and assess the adequacy of the complaint based solely on the allegations of fact. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

The mere metaphysical possibility that some plaintiff could prove some set of facts in support of pleaded claims is insufficient to state a claim. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Factual allegations must be enough to raise a right to relief above a "speculative level." *Twombly*, 550 U.S. at 555.

Additionally, the court should strike Plaintiff Armijo's claim for liquidated damages under Rule 12(f). Under Rule 12(f), "a court 'may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter.'" *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1185 (D.N.M. 2010) (quoting *Hill v. Cray Research, Inc.*, 864 F. Supp. 1070, 1073 (D.N.M. 1991)). To be impertinent or immaterial, the allegations must have "no possible bearing on the controversy." *Id.* (quoting *Employers Ins. of Wausau v. Musick, Peeler, & Garrett*, 871 F. Supp. 381, 391 (S.D. Cal. 1994)).

Count II and III of Plaintiff Armijo's complaint fail as a matter of law, even when the complaint's well-pleaded facts are accepted as true and construed in the light most favorable to

Plaintiff. Plaintiff's prayer for relief of liquidated damages fails as a matter of law as well because there is no set of facts that could support Plaintiff's claim for liquidated damages. The Court should therefore dismiss Counts II and III of Plaintiff's complaint, as well as Plaintiff's prayer for relief of liquidated damages.

**I.      COUNT II OF PLAINTIFF'S COMPLAINT ALLEGES A VIOLATION OF AN INAPPLICABLE STATUTE**

Count II of Plaintiff's complaint alleges FXG violated a purported "unauthorized deduction statute." (Compl. ¶ 61.) Plaintiff alleges deductions taken from her settlement statements were improper as they were not taken in line with the requirements set out in section 14-13-11 of the New Mexico statutes. (*Id.* ¶ 63.) However, Count II fails to state a claim on which relief can be granted because the purported "unauthorized deductions statute" is nothing of the sort. Section 14-13-11 addresses requirements for assignments of wages to a third party and there is no indication in New Mexico statute, regulation, or case law that this section has any connection to an employer's deductions from an employee's wages.

Section 14-13-11 is not, as Plaintiff claims, New Mexico's "unauthorized deduction statute." (Compl. ¶ 3.) Section 14-13-11 is found within New Mexico's law addressing oaths and acknowledgments and references only the <u>assignment</u> of "wages and salaries due." N.M. Stat. Ann. § 14-13-11. Specifically, section 14-13-11 states that

> [a]ll assignments of wages and salaries due or to become due to any person, in order to be valid, shall be acknowledged by the party making the assignment before a notary public or other officer authorized to take acknowledgments. The assignment shall be recorded in the office of the county clerk of the county in which the money is to be paid and a copy served upon the employer or person who is to make payment.

4

To be a valid "assignment," the acknowledgment must be undertaken in front of a notary and recorded with the appropriate county clerk. *Id.* Copies of the assignment then have to be served on the employer, effectuating the assignment of wages. *Id.*

In contrast, the payment of wages by an employer and deductions from an employee's paycheck is addressed specifically in section 50-4-2. N.M. Stat. Ann. § 50-4-2. No reference to section 14-13-11 or its requirements is found within section 50-4-2. *See id.* Nor is there any indirect reference to any requirement that a deduction meet the requirements of an "assignment" of wages, including recording with a county clerk and service on the employer. *Id*. Instead, section 50-4-2 states in relevant part that

> an employer shall pay wages in full, less lawful deductions and less payroll deductions authorized by the employer and employee.
>
> …
>
> An employer shall provide an employee with a written receipt that identifies the employer and sets forth the employee's gross pay, the number of hours worked by the employee, the total wages and benefits earned by the employee and an itemized listing of all deductions withheld from the employee's gross pay.

Thus, the only statutory requirement for deductions under section 50-4-2 is the provision of a written receipt containing the itemized deductions. In addition to the lack of any explicit statutory connection, no New Mexico case or administrative decision has interpreted section 14-13-11 as having any application to deductions under section 50-4-2. Count II of Plaintiff's complaint is based on an inapplicable statute.

Count II of Plaintiff's complaint therefore fails as there are simply no facts Plaintiff can plead to make any claim under section 14-13-11 plausible. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. FXG cannot be liable under this statute as section 14-13-11 has no application to the facts Plaintiff alleges in her complaint. *See Rice v. United States*, No. 3:12-CV-503-DCK, 2012 WL 5897352, at *2 (W.D.N.C. Nov. 21, 2012) (dismissing complaint brought under inapplicable statute). Ultimately, there is no statutory or regulatory requirement that an authorization for a simple payroll deduction be made before a notary and recorded with the county clerk, as outlined in section 14-13-11. This claim must be dismissed as a matter of law.

**II.     PLAINTIFFS' UNJUST ENRICHMENT CLAIM IS BARRED BY AN OPERATING AGREEMENT**

Count III of Plaintiff's complaint asserts a claim for unjust enrichment. (Compl. ¶¶ 68-74.) Count III fails as a matter of law as Plaintiff's allegations of unjust enrichment arise wholly out of the terms of her alleged contractual relationship with FXG. (*Id.*) The terms of the Operating Agreement therefore control, directly and indirectly, the underlying basis for her unjust enrichment claim.

Unjust enrichment is a remedy New Mexico courts will impose as a quasi-contractual obligation "for reasons of justice and equity, notwithstanding the lack of any contractual relationship between the parties." *Tom Growney Equip., Inc. v. Ansley*, 888 P.2d 992, 994 (N.M. Ct. App. 1994). As an equitable remedy, unjust enrichment "should not take the place of a remedy at law; rather, it [should augment] legal remedies." *John D. Arnold Family Ltd. P'ship v. Delgadillo*, Nos. 28,231, 28, 290, 2010 WL 3971763, at *6 (N.M. Ct. App. Jan. 5, 2010).

A claim for unjust enrichment requires a party to establish that, in the absence of privity, "(1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co. Inc. v. Sanchez*, 3

P.3d 695, 698 (N.M. Ct. App. 2000). For, "[a]s a general rule, 'equity will not act if there is a complete and adequate remedy at law.'" *Steadfast Ins. Co. v. Legacy Safety & Consulting, LLC*, No. CV 15-00218 WJ/CG, 2015 WL 12803775, at *3 (D.N.M. June 25, 2015) (quoting *Sims v. Sims*, 930 P.2d 153, 159 (N.M. 1996)). Where the parties are or were in contractual privity, as Plaintiff alleges at the time of the purported unjust enrichment, an unjust enrichment claim must be dismissed. *See id.*, at *4; *Abraham v. WPX Energy Prod., LLC*, 20 F. Supp. 3d 1244, 1276 (D.N.M. 2014) ("but the plaintiff cannot pursue the unjust enrichment claim unless there is something—bankruptcy, statutes—prohibiting the plaintiff from pursuing the contract claim").

Here, Plaintiff's unjust enrichment claim seeks to rewrite various terms of the Operating Agreement on the grounds that the terms governing certain deductions and expenses were unfavorable. (Compl. ¶¶ 71-74.) Under New Mexico law, an unjust enrichment claim fails where the allegations are "grounded in the parties contractual relationship." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1117 (10th Cir. 2005). Though a contract may not speak to a specific issue or term underlying the claim directly, claims for unjust enrichment are barred so long as the contract governs the general subject matter of the parties' dispute. *Id.* ("[P]laintiff mistakes form over function. The contracts may not delineate any specific deduction, yet the contracts control how royalties are to be paid. Indisputably, there are contracts between the parties, thus any claim for underpayment of royalties, including a claim for unjust enrichment, must begin with the contracts."). Plaintiff's unjust enrichment claim is therefore unquestionably "grounded in the parties' contractual relationship," as she has alleged that she "executed a contract with FedEx Ground to work as a 'pickup and delivery contractor'" and that

"[t]his case only involves those claims arising out of the standard contract attached at Exhibit 1 (Plaintiff Armijo's 7/27/13 contract with FedEx Ground)." (Compl. ¶¶ 10, 15.)[2]

Specifically, Plaintiff's unjust enrichment claim seeks recovery for "deductions, charges, and/or expenses that typically are borne by the employer." (Compl. ¶ 71.) Plaintiff's complaint goes on to reference contractual requirements underlying the "deductions, charges, and/or expenses" she alleges unjustly enriched FXG, stating that "[m]ost drivers use tools, instrumentalities, and services supplied by FedEx Ground – by participating in deductions from FedEx Ground's Business Support Package/Contractor Assistance Program – including: marketing, uniforms, scanners, shipping documentation, and DOT (Department of Transportation) inspections." (Compl. ¶ 32.) Plaintiff's complaint even cites specific provisions of the Operating Agreement, alleging that the deductions and expenses she seeks to recover were required under Sections 1.13 and 7, and Addendum 7 of the Operating Agreement. (*Id.*)

Where, as here, Plaintiff alleges contractual privity at the time of the alleged enrichment and there is no question Plaintiff's unjust enrichment claim is grounded within the specific terms of the Operating Agreement, Plaintiff's unjust enrichment claim must be dismissed. *See Elliott Indus. Ltd.*, 407 F.3d at 1117; *Steadfast Ins. Co*, 2015 WL 12803775, at *4; *Abraham*, 20 F. Supp. 3d at 1276.

---

[2] FXG does not concede that Plaintiff Armijo executed the Operating Agreement in her individual capacity. However, her unjust enrichment claim fails regardless as her claims would still be governed by the terms and conditions of the contract, providing a "complete and adequate remedy at law." *See Steadfast Ins. Co.*, 2015 WL 12803775, at *5 (granting motion to dismiss unjust enrichment claim where plaintiff had contractual claim against another party in the lawsuit); *Abraham*, 20 F. Supp. 3d at 1285 (for unjust enrichment claim to survive motion to dismiss where a contract exists between the parties, the plaintiff is required "to make some showing as to why the contract claim is not viable").

**III.   PLAINTIFF'S CLAIM FOR LIQUIDATED DAMAGES MUST BE STRICKEN**

Count I of the Plaintiff's complaint alleges FXG failed to pay overtime in violation of section 50-4-22 of New Mexico's Minimum Wage Act. (Compl. ¶ 54.) In addition to the unpaid overtime, Plaintiff seeks an award of "mandatory liquidated damages equal to twice the underpaid wages" under section 50-4-26 of the MWA. (*Id.* ¶ 6.) Plaintiff's claim for liquidated damages must be stricken as such damages are not recoverable under section 50-4-26 for overtime violations. *See Garcia v. Crossmark, Inc.*, 157 F. Supp. 3d 1046, 1053 (D.N.M. 2015) (liquidated damages provision of MWA applies only to minimum wage violations, not overtime violations).

The MWA provides that employers who violate section 50-4-22 "shall be liable to the employees affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an amount equal to twice the unpaid or underpaid wages." N.M. Stat. Ann. § 50-4-26(C). This provision has been interpreted to allow recovery of treble damages <u>only</u> for violations of the New Mexico minimum wage and not for the underpayment of overtime. *Garcia*, 157 F. Supp. 3d at 1053. As the *Garcia* court correctly observed, the treble damages provision refers to "unpaid or underpaid <u>minimum</u> wages" specifically. *Id.* (emphasis added). The omission of any reference to overtime, when such terms "'go hand in hand' as items generally discussed together… raises the 'sensible inference that the term left out must have been meant to be excluded.'" *Id.* (quoting *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003)). Moreover, the overall similarity between the MWA and the FLSA reinforces the interpretation that the omission of treble damages for overtime violations was an intentional choice by the New Mexico legislature as such damages are specifically available under the FLSA. *Id.*

9

Should Plaintiff succeed on her claim for unpaid overtime (which FXG disputes that she will), she is not entitled to treble damages as a matter of law and her request should be stricken from her complaint.

## CONCLUSION

For the above reasons, the Court should dismiss Count II and III of Plaintiff's complaint and strike her request for liquidated damages under Count I.

Dated:  June 15, 2017                               Respectfully submitted,

*s/ Jessica G. Scott*
Jessica G. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   (303) 244-1800
Facsimile:    (303) 244-1879
Email:   scott@wtotrial.com

Rebecca Shaw Kenny
Madison, Mroz, Steinman & Dekleva, P.A.
P.O. Box 25467
Albuquerque, NM  87125-5467
Telephone:  (505) 242-2177
Facsimile:   (505) 242-7184
Email:  rsk@madisonlaw.com

Jason W. Norris
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA 15108
Telephone: (412) 859 - 5945
Facsimile: (412) 859 - 5450
Email: jason.norris@fedex.com

Attorneys for Defendant FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on this 15th day of June, 2017, a true and correct copy of the foregoing **FEDEX GROUND PACKAGE SYSTEM, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS IN PART** was filed electronically on the C/M ECF website. Notice of this filing will be sent to the following counsel of record by operation of the Court's CM/ECF system.

- **Christopher P. Bauman**
  cpb@bdsfirm.com, drs@bdsfirm.com, mo@bdsfirm.com, sh@bdsfirm.com, lf@bdsfirm.com, cw@bdsfirm.com

- **Shanon J. Carson**
  scarson@bm.net

- **Jordan Lewis**
  jordan@jml-lawfirm.com

- **Harold L. Lichten**
  hlichten@llrlaw.com

- **Sarah R. Schalman-Bergen**
  sschalman-bergen@bm.net

- **Matthew Thomson**
  mthomson@llrlaw.com

- **Cynthia L. Weisman**
  cw@bdsfirm.com

*s/ Faith Umaguing*
Faith H. Umaguing

11